## J. M. BOWDEN *v.* THE STATE.

1. CHANGE OF VENUE — PRACTICE.— It is now well settled in this State that error in changing the venue is not available by plea to the jurisdiction of the court to which the case has been transferred. To make such error revisable on appeal, exception to the order changing the venue must be reserved in the tribunal by which the order was made.

2. SAME.— The Revised Code of Procedure, art. 584, enacts that an order granting or refusing a change of venue shall not be revised on appeal unless the facts are brought up by bill of exceptions perfected at the term whereat the order was made.

APPEAL from the District Court of Hood.    Tried below before the Hon. T. L. NUGENT.

The indictment was filed in 1877, and charged the appellant with the murder of Mrs. Mary A. Hester. . The opinion of the court refers to two cases which fully disclose the facts of the assassination.    A life-term in the penitentiary was the punishment inflicted on the appellant.

No brief for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J.    Appellant was indicted in the District Court of Johnson county on the 27th day of June, 1877, for the murder of Mary A. Hester in said county on the 21st day of February, 1877.    This is the same murder for which Thomas J. Myers was tried (see 6 Texas Ct. App. 1), and the same also for which Samuel Myers was tried and convicted (see 7 Texas Ct. App. 640).

After four venires and one mistrial of this case the venue was changed on the 7th of July, 1880, by order of the court, to the county of Somervell, the county adjoining, and whose court-house was nearest to that of Johnson.    There was another mistrial of the case in Somervell county, in December, 1880.    On the 7th day of April, 1881, the district judge presiding, of his own motion, changed the venue a second time from the county of Somervell to the county of Hood.    It appears that defendant made a motion in the District Court of Somervell county (after the order was entered) to set aside the order changing the venue to Hood, which motion was overruled by the court.    This motion is not incorporated in the transcript, and we are unadvised as to its contents and the grounds upon which it was based, nor was any bill of exceptions reserved at the time to the action of the

court. In the District Court of Hood county, on the day set and when the case was called for trial, defendant interposed a plea to the jurisdiction of the court, setting forth reasons why the venue should not have been changed from Somervell county, and alleging the invalidity, in consequence, of the said order changing the venue.

It has been repeatedly held and is now settled that error in changing the venue is not available by plea to the jurisdiction of the court to which the case has been transferred. Exception must be taken and reserved in the tribunal by which the change was ordered. *Krebs* v. *State*, 8 Texas Ct. App. 1, and authorities cited. Our statute, moreover, expressly provides "that the order of the judge granting or refusing a change of venue shall not be revised upon appeal unless the facts upon which the same was based are presented in a bill of exceptions prepared, signed, approved and filed at the term of the court at which such order was made." Code Crim. Proc. art. 584. In changing the venue the judge presiding appears to have acted within the scope of the authority conferred upon him by statute. Code Crim. Proc. art. 576; *Cox* v. *State*, 8 Texas Ct. App. 254; *Webb* v. *State*, 9 Texas Ct. App. 504. No bill of exceptions having been taken at the proper time, showing objection to his action, and the matter of objection not being available in the new tribunal by plea to the jurisdiction, no error is made to appear in the proceeding.

The charge of the court was a fair and able exposition of the law applicable to the facts and all legitimate deductions which might be drawn from them by the jury, and there were no questions raised by the refused special instructions, so far as in themselves applicable, which were not covered by the charge as given. So far as the evidence is concerned, in addition to the many outside inculpatory facts establishing his guilt, defendant made a full and voluntary confession of his participation in this

most horrible murder, after he had been fully warned by the officers of the law as to the effect and consequences of such a confession. Under his own confession the jury were warranted in finding him guilty of the murder, and in imposing as his appropriate punishment imprisonment in the State penitentiary for life.

The judgment is affirmed.

*Affirmed.*